**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
_____ **Division**

**CASE NO.:**

ZACHARY T. CASSIDY, JUSTIN S. McINTOSH, RICK SHAWBELL )
JAMES BOYLAN, VINCENT FORTUNE, ROGER T. MOORE, )
JAMES F. STUBBLEFIELD, WILLIAM A. BARROW and )
JEFF MELDRIM, as Trustees of the )
I.B.E.W. LOCAL UNION NO. 728 PENSION TRUST FUND, )
I.B.E.W. LOCAL UNION NO. 728 ANNUITY TRUST FUND, )
I.B.E.W. LOCAL UNION NO. 728 FAMILY HEALTHCARE FUND, )
and THE FLORIDA EAST COAST ELECTRICAL JOINT )
APPRENTICESHIP AND TRAINING COMMITTEE, )
)
and )
)
I.B.E.W. LOCAL UNION NO. 728, )
a Labor Organization, )
)
vs. )
)
TRI-CITY ELECTRIC CO., INC., a Florida corporation )
)
    Defendant. )
_____/

**COMPLAINT**

Plaintiffs ZACHARY T. CASSIDY, JUSTIN S. McINTOSH, RICK SHAWBELL, JAMES BOYLAN, VINCENT FORTUNE, ROGER T. MOORE, JAMES F. STUBBLEFIELD, WILLIAM BARROW and JEFF MELDRIM, as Trustees of the I.B.E.W. LOCAL UNION NO. 728 PENSION TRUST FUND, I.B.E.W. LOCAL UNION NO. 728 ANNUITY TRUST FUND, I.B.E.W. LOCAL UNION NO. 728 FAMILY HEALTHCARE FUND, and THE FLORIDA EAST COAST ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE, (the "Trustees" or the "Funds") and I.B.E.W. LOCAL UNION NO. 728, a Labor Organization ("Local 728") sue Defendant TRI-CITY ELECTRIC CO., INC., (the "Defendant") as follows:

## I. NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a delinquent contributions collection action, brought by the Trustees on behalf of the Funds which arises under the laws of the United States that contain their own jurisdictional requirements: Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145.

2. Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), venue is proper in this Court because the Trustees administer the Funds and Defendant's breach occurred in Broward County, Florida.

3. Count II is a 301 action. It is brought by I.B.E.W. LOCAL UNION NO. 728 ("Local 728") to recover monies deducted from the pay of its members, and with the authorization of those members, by Defendant, but not sent or forwarded to Local 728 to be used for the benefit of Local 728 members with those members' authorization.

4. Count II arises under the laws of the United States that contain their own jurisdictional requirements: Section 301 of the Labor Management Relations Act ("LMRA"), which is codified at 29 U.S.C. §185. The Court has jurisdiction of Count II pursuant to 29 U.S.C. §185(c).

5. Pursuant to 29 U.S.C. §185(a), venue is proper in this Court, as Local 728 conducts its affairs and maintains its offices in Broward and Palm Beach Counties, Florida and Defendant's breach occurred in Broward County.

## II. PARTIES

6. The Trustees have been at all times material hereto, trustees and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Funds are "employee benefit plans" and "multiemployer plans" as defined by Sections 3(3) and

3(37) of ERISA, 29 U.S.C. §1002(3) and §1002(37).

7. I.B.E.W. LOCAL UNION NO. 728, is a labor organization within the meaning of 29 U.S.C. §152(5).

8. Defendant is a Florida corporation doing business under the name TRI-CITY ELECTRIC CO., INC., and has a principal business address 625 N.W. 16th Avenue, Miami, FL 33125.

9. Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5). Defendant is an employer, within the meaning of 29 U.S.C. §152(2), and a corporation organized and existing under the laws of the State of Florida.

### III. CAUSES OF ACTION

#### Count I: Trustees' ERISA Action for Delinquent Contributions

10. Defendant agreed to be bound and remains bound and paid contributions to the Funds pursuant to a collective bargaining agreement as it related to wage rates and contribution obligations to the Funds.

11. That collective bargaining agreement remains in full force and effect.

12. Defendant employed persons within the trade and territorial jurisdiction of the collective bargaining agreement and thus, became obligated to pay all fringe benefit contributions and other payments to the Funds on a timely basis that are due to the Funds.

13. Defendant breached said agreement by failing to make full and complete payment of the fringe benefit contributions, liquidated damages and other payments that were due to the Funds for payroll periods after June 1, 2018.

14. The Trustees have been required to employ the undersigned attorneys to collect the monies that are owed by Defendant, and are obligated to pay these attorneys' reasonable

attorneys' fees.

15. The Trustees have complied with all conditions precedent in bringing this suit.

**Count II: Section 301 Action By Local 728 For Unpaid Union and Other Dues**

16. Defendant entered into the Agreement with Local 728 (whose Business Manager is Trustee Zac Cassidy) regarding the terms and conditions of employment of individuals performing bargaining unit work for Defendant.

17. The Agreement requires that Defendant deduct from wages and pay monies to Local 728 and to other union-administered funds as dues.

18. Defendant's employees authorized the payment of such dues pursuant to written notice.

19. Defendant deducted such dues from the wages of its employees but has not forwarded those monies to Local 728 for all payroll periods after June 1, 2018; though it has paid many of those deducted dues since June 1, 2018.

20. By failing to forward the monies to Local 728 that it deducted, Defendant breached the Agreement, which is a labor contract and collective bargaining agreement within the meaning of 29 U.S.C. §185.

21. Local 728 has complied with all conditions precedent in bringing this suit.

**WHEREFORE**, the Trustees respectfully request that this Court enter a Judgment against Defendant, providing:

   a. An award of damages for all liquidated damages, late fees, other payments, and unpaid fringe benefit contributions for payroll periods after June 1, 2018; plus interest and all reasonable attorneys' fees and costs; and,
   b. Such other relief as is just and proper.

and **WHEREFORE**, Local 728 and Business Manager Cassidy respectfully request that the Court direct Defendant to pay to Local 728 all monies Defendant failed to pay as dues for payroll periods after June 1, 2018, award Local 728 prejudgment interest, its attorneys' fees and costs,

and direct all other legal and equitable relief that the Court deems just and proper.

Respectfully submitted,

BY: /s/ D. Marcus Braswell, Jr.
**D. MARCUS BRASWELL, JR. (146160)**
**mbraswell@sugarmansusskind.com**
**MADISON J. LEVINE (1018311)**
**mlevine@sugarmansusskind.com**
**SUGARMAN, SUSSKIND, BRASWELL & HERRERA, P.A.**
150 Alhambra Circle, Suite 725
Coral Gables, Florida  33134
Tel.:    (305) 529-2801
Fax:    (305) 447-8115

**Attorneys for the Plaintiffs Trustees**

This 11th day of May, 2023

5